IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE JELENIEWSKI | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:25-cv-4254 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| ABF FREIGHT SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, LAWRENCE JELENIEWSKI, by and through his attorneys, Pietrucha Law Firm, LLC and for his Complaint against Defendant ABF FREIGHT SYSTEM, INC., states as follows:

## NATURE OF THE ACTION

1. This is an action for interference with Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., for breach of contract and invasion of privacy.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the FMLA claim pursuant to 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law breach of contract claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this district.

## PARTIES

4. Plaintiff Lawrence Jeleniewski is a resident of Orland Park, Illinois. He is Defendant's former employee.

5. Defendant ABF Freight System, Inc. ("ABF") is a corporation doing business in Illinois. Defendant is Plaintiff's former employer.

## FACTUAL ALLEGATIONS

6. Plaintiff Lawrence Jeleniewski was employed by Defendant ABF Freight System, Inc. ("ABF") as a Pickup and Delivery ("P&D") driver from November 3, 2006, until job separation on August 22, 2023.

7. The duties of a P&D driver at ABF include operating a commercial vehicle, loading and unloading freight, crawling under trailers, and maneuvering heavy carts and jacks weighing between 150 and 350 pounds.

8. Plaintiff suffers from bilateral knee pain and osteoarthritis, a medically diagnosed condition which causes sudden, severe flare-ups resulting in intense pain, swelling, restricted range of motion, and impaired ability to bear weight.

9. Due to the unpredictable nature of this condition, Plaintiff was approved for intermittent leave under the Family and Medical Leave Act ("FMLA").

10. On August 18, 2023, Plaintiff experienced a nighttime flare-up that prevented him from sleeping. At approximately 3:25 a.m., realizing that he would be too fatigued to safely

operate his truck during his scheduled 6:00 a.m. shift, Plaintiff submitted a request to use intermittent FMLA leave for the day.

11. Plaintiff returned to sleep and woke up around 10:00 a.m., four hours into his regular shift. Feeling somewhat recovered, he decided to go about his day and drove to a drag racing event where he observed as a spectator only.

12. Plaintiff did not plan to attend the drag racing event on August 18. His intention had been to participate as a driver the following day, August 19.

13. Unknown to Plaintiff, ABF had arranged surveillance by a private investigator to monitor his activity on August 18 based on vague suspicion about his use of FMLA leave.

14. ABF later accused Plaintiff of dishonesty regarding his FMLA request, citing unspecified Facebook posts and the private investigator's observations.

15. ABF presented no clear evidence to rebut Plaintiff's explanation that he was in pain and too fatigued to drive a commercial truck safely. ABF did not contest that Plaintiff's condition causes unpredictable flare-ups.

16. On August 22, 2023, ABF challenged Plaintiff's employment status and Plaintiff suddenly became unemployed.

17. Thereafter, Plaintiff applied to collect unemployment insurance benefits through the Illinois Department of Employment Security ("IDES").

18. On or before November 15, 2023, ABF informed Plaintiff that it would not contest Plaintiff's IDES benefits. However, contrary to this assurance, ABF opposed Plaintiff's IDES claim and accused him on misconduct.

19. During ABF's opposition of Plaintiff being awarded IDES benefits, Plaintiff was delayed in collected IDES benefits for over one year as he fought through IDES' appeal process,

completing two (2) IDES administrative appeals as well as one (1) administrative review lawsuit in Cook County Circuit court, which eventually resulted in the benefits being awarded.

20. During the course of Plaintiff's pursuit to collect IDES benefits, he incurred attorneys' fees and other costs.

21. Plaintiff's fight to secure IDES benefits and the emotional toll of his termination after decades of service traumatized Plaintiff and caused significant emotional and financial harm to Plaintiff.

## COUNT I
## FMLA INTERFERENCE

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff was at all relevant times an eligible employee under the FMLA, and Defendant ABF was a covered employer.

24. Plaintiff was entitled to intermittent FMLA leave for his serious health condition.

25. ABF interfered with Plaintiff's rights under the FMLA by:

   a. Failing to appropriately administer his intermittent leave;

   b. Subjecting him to surveillance without legitimate cause;

   c. Terminating his employment for utilizing protected leave.

26. As a direct result of ABF's interference, Plaintiff has suffered lost wages, benefits, and emotional distress.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendant ABF Freight System, Inc., and award:

   a. Lost wages and benefits;

   b. Liquidated damages;

   c. Reinstatement or front pay in lieu of reinstatement;

   d. Reasonable attorneys' fees and costs;

   e. Such other relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28. On or before November 15, 2023, ABF represented to Plaintiff that it would not contest his claim for unemployment benefits.

29. This representation constituted a valid and enforceable agreement.

30. ABF breached this agreement by later contesting Plaintiff's claim.

31. As a result of Defendant's breach, Plaintiff suffered damages, including delay in receiving benefits and financial hardship.

WHEREFORE, Plaintiff requests judgment against Defendant for:

   a. Compensatory damages;

   b. Costs of suit;

   c. Such other relief as the Court deems just and proper.

## COUNT III
## INVASION OF PRIVACY (INTRUSION UPON SECLUSION)

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33. At all relevant times, Plaintiff had a reasonable expectation of privacy in his personal life and activities outside of work, particularly while engaging in lawful, non-work-related conduct on his personal time during an approved medical leave.

34. Defendant, through its agents or investigators, intentionally and without Plaintiff's knowledge or consent, engaged in intrusive surveillance by hiring a private investigator to monitor and follow Plaintiff on August 18, 2023, while he was on approved FMLA leave for a serious health condition.

35. This surveillance included monitoring Plaintiff's private movements and attempting to gather information from his personal social media activity in a manner designed to discover personal facts unrelated to job performance or legitimate business needs.

36. The surveillance was not conducted for any lawful or legitimate purpose, and instead was motivated by Defendant's desire to intimidate, harass, and discredit Plaintiff for exercising his legal right to FMLA leave.

37. Defendant's actions would be highly offensive to a reasonable person and constituted an unlawful intrusion into Plaintiff's seclusion and solitude.

38. As a result of this invasion of privacy, Plaintiff has suffered harm, including emotional distress, embarrassment, and damage to his reputation.

WHEREFORE, Plaintiff requests judgment against Defendant for:

a. Compensatory damages for emotional distress;

b. Costs of suit;

c. Punitive damages;

d. Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ Cynthia N. Pietrucha<br>Attorney for Plaintiff

**Dated:   April 18, 2025**

Cynthia Pietrucha, Esq.
PIETRUCHA LAW FIRM, LLC
1717 N. Naper Blvd., Suite 200
Naperville, Illinois 60563

Phone: (630) 344-6370
Fax: (630) 689-9043

Email:cpietrucha@pietruchalaw.com
ARDC # 6315653